990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin KLIENHANS, Defendant-Appellant.
 No. 92-10214.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 16, 1993.
 
 Appeal from the United States District Court for the District of Hawaii; No. CR-91-01330-01-AC, Alan C. Kay, District Judge, Presiding.
 D.Hawaii
 AFFIRMED.
 WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Klienhans appeals his conviction, following a jury trial, for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Klienhans contends that the district erred by denying his motion to suppress his post-arrest statement to Drug Enforcement Agency ("DEA") agents because a DEA agent's promise of leniency rendered the statement involuntary. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. We review de novo a district court's "ultimate conclusion that a confession was voluntary," but for clear error the factual findings underlying that determination. United States v. Jenkins, 938 F.2d 934, 937-38 (9th Cir.1991).
 
 
 3
 A statement is involuntary where, "considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." United States v. Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988). A statement will not be rendered involuntary where a government law enforcement official promises "to inform the government prosecutor about a suspect's cooperation" and to recommend leniency, or where the official speculates "that cooperation will have a positive effect." Id. "Credibility determinations ... are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034 and 489 U.S. 1029 (1989).
 
 
 4
 Here, Klienhans testified that he cooperated because DEA Agent Edward Howard promised him that "they can make the case go away but only if he cooperates with them." Agent Howard testified that he only indicated to Klienhans that his cooperation would probably be beneficial to him. Agent Howard further testified that he told Klienhans he would inform the United States Attorney of any cooperation that Klienhans provided. We find no evidence that the district court erred by crediting the Agent's testimony over Klienhan's testimony. See Vasquez, 858 F.2d § 1391.
 
 
 5
 Further examination of the record shows that Klienhans signed two documents in which he acknowledged that his statement was freely given and that "no promises or threats" had been made to him. Klinehans presents no other evidence to support his claim that he was coerced into the confession other than the alleged promise by Agent Howard.
 
 
 6
 In light of the district court's credibility determinations and the paucity of evidence to support Klienhans's claim, we hold that "the totality of the circumstances" surrounding Klienhans post-arrest statement do not establish that the comments made by Agent Howard were sufficient to overbear Klienhans's will. See Guerrero at 1366. Consequently, the district court did not err by denying Klienhans's motion to suppress.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3